IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KELLY SUE CAMOZA                                                    PLAINTIFF

v.                          Civil No. 2:22-cv-02065-MEF

MARTIN O'MALLEY, Commissioner,
Social Security Administration                                      DEFENDANT

**AMENDED MEMORANDUM OPINION AND ORDER**

Pending now before this Court is Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b).  (ECF No. 19).  The Defendant (the "Commissioner") has filed a response voicing no objections and the matter is now ripe for resolution.  (ECF No. 20).

## I.      Background

On April 20, 2022, Plaintiff, Kelly Camoza, appealed from the denial of her application for disability benefits by the Commissioner of the Social Security Administration.  (ECF No. 2).  The matter was remanded for further consideration pursuant to sentence four, 42 U.S.C. § 405(g), on October 25, 2022.  (ECF No. 15).  Then, on March 16, 2023, this Court awarded Plaintiff $4,359.05 for attorney fees in addition to $49.04 in expenses and $402 in costs pursuant to the Equal Access to Justice Act ("EAJA"), representing a total of 17.70 attorney hours and 6.00 paralegal hours.  (ECF No. 18).

On or about November 25, 2023, the Commissioner found the Plaintiff disabled and awarded the sum of $110,342.40 in past due benefits.  (ECF No. 19-3).  Records indicate that a total of $27,585.60 was withheld by the Commissioner for the payment of attorney fees pursuant to the fee agreement signed by counsel and the Plaintiff on April 12, 2022, entitling counsel to 25

percent of past due benefits for work performed before this Court. (ECF No. 19-2). Further, counsel has indicated that he received $7200.00 for the work he performed at the agency level. (ECF No. 19-3).

Attorneys representing successful Social Security claimants may seek fees under both 28 U.S.C. § 2412, the Equal Access to Justice Act (the "EAJA"), and 42 U.S.C. § 406(b). Under § 406(b), "the court may determine and allow as part of its judgment a reasonable fee ... not in excess of 25 percent of the ... past-due benefits to which the claimant is entitled by reason of such judgment." Fees paid pursuant to § 406(b) are paid from the claimant's past-due benefits. The United States Supreme Court has, however, determined that the § 406(b)(1)(A) cap applies only to fees for court representation and not to the aggregate fees awarded under § 406(a) for representation at the agency level. *Culbertson v. Berryhill*, 139 S.Ct. 517, 522-523 (2019). Further, the Court held that any concerns about a shortage of withheld benefits for direct payment, and the consequences resulting therefrom, were best addressed to the agency, Congress, or the attorney's own good judgment. *Id*. at 523.

Under the EAJA, a Social Security claimant may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are paid with agency funds and are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate. *See* 28 U.S.C. § 2412(d)(1)(B). Fee awards may be made under both § 406(b) and the EAJA, but the claimant's attorney must refund to the claimant the amount of the smaller fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting Act of Aug. 5, 1985, Pub. L. 99–80, § 3, 99 Stat. 186). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due

2

benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* at 796–97.

In reviewing a request for fees under § 406(b), the Court must first look to the contingent fee agreement to determine whether it is within the 25 percent boundary set by the statute. The Court must then determine whether the fee sought is reasonable. *See Gisbrecht*, 535 U.S. at 807. When considering a fee request, the Court must balance two important policy concerns. On the one hand, attorneys face the risk of non-payment if their clients are not awarded Social Security benefits, and fee awards should be substantial enough to encourage attorneys to accept that risk. *See Wyles v. Astrue*, 2009 WL 4730686, *3 (E.D. Ark. Dec. 3, 2009). On the other hand, attorneys representing disabled claimants have a duty to protect the claimant's disability award, from which § 406(b) fees are deducted. *Id.*

In *Gisbrecht*, 535 U.S. at 808, the Supreme Court provided examples of factors to consider in determining whether a requested fee is reasonable:

> (1) The court may consider the character of the representation and the results achieved. *Id.*
>
> (2) A reduction may be appropriate if the attorney was responsible for delaying the progress of the case, as the attorney should not profit from the accumulation of benefits during the delay. *Id.*
>
> (3) If the benefits are large in comparison to the amount of time Plaintiff's attorney spent on the case, a reduction may be warranted to prevent a windfall to the attorney. In this regard, while the Supreme Court in *Gisbrecht* disapproved of courts relying exclusively on the lodestar method in determining a reasonable fee award under § 406(b), it expressly stated that a court "may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* Thus, as the Fifth Circuit Court of Appeals has interpreted *Gisbrecht*:
>
>> [D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation

3

> alone cannot constitute *the* basis for an 'unreasonable' finding .... [T]he district court must also articulate the factors that demonstrate to the court that the fee is unearned. Specifically, the district court must discuss the factors that demonstrate that the success on appeal is not of the attorney's making, but rather, is attributable to some other source for which it would be unreasonable to compensate the attorney. *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010).

Plaintiff's attorney has the ultimate burden of "show[ing] that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

Plaintiff now seeks a fee award of $20,385.60 ($27,585.60-7,200.00 (the amount she was paid for services at the agency level)) for a total of 17.70 attorney hours and 6.00 paralegal hours for work performed before this Court, which equates to an hourly rate of $676.23 ($20,385.60-$4,359.05 (EAJA award to be returned)/23.70 hours). The evidence shows Plaintiff contracted to pay his attorney 25 percent of any past due benefits owing to him, and the case resulted in a remand by this Court with an ultimate award of benefits. (ECF Nos. 19-2, 19-3).

Nothing in the record suggests that there was any overreaching by Plaintiff's counsel in making the fee agreement or any impropriety in representing Plaintiff. Moreover, Defendant had an opportunity to oppose the motion but did not do so. (ECF No. 20). The Court also acknowledges that Plaintiff's attorney has a history of representing social security claimants and has a good reputation in the legal community. Further, the benefits to Plaintiff are substantial, not in just past due benefits, but also benefits she will continue to receive in the future. Therefore, under the totality of the circumstances, comparison of the benefits secured, and the time Plaintiff's counsel spent on the case does not suggest that the fee sought would represent a windfall to counsel. The Court finds that a fee of $20,385.60, is a reasonable fee award for Plaintiff's attorney's representation at the judicial stage.

Accordingly, Plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b) is **GRANTED** in the amount of **$20,385.60**. Plaintiff's attorney is hereby directed to remit to Plaintiff the smaller fee awarded to her pursuant to the EAJA in the amount of **$4,359.05**.

**IT IS SO ORDERED** this 26th day of April 2024.

/s/ Mark E. Ford
HON. MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE